## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

OLGA E. HERVIS, M.S.W., P.A., D/B/A

FAMILY THERAPY TRAINING INSTITUTE

OF MIAMI,

      Plaintiff,

v.

UNIVERSITY OF MIAMI

      Defendant.

_____/

## COMPLAINT

    Olga E. Hervis, MSW, P.A., doing business as Family Therapy Training Institute of Miami, a professional association ("Plaintiff" or "FTT"), by and through their undersigned counsel bring this action against University of Miami, a Florida Corporation ("Defendant") and allege:

## I.
## INTRODUCTION

    1.    This case involves a therapy commonly known as "brief strategic family therapy," or its acronym, BSFT.  The public freely used these names to refer to this form of therapy from its inception in the 1970's—without restriction or limitation of any sort.  Almost 30 years after the names entered the public lexicon, Defendant, a goliath institution in the field of therapy, is using fraudulently obtained trademark registrations to stop small businesses from using these common names to refer to this therapy.  Moreover, Defendant is using other equally specious

*Family Therapy Training Institute v. University of Miami*

intellectual property claims to stop small businesses from providing brief strategic family therapy altogether, *unless* those small businesses pay crushing "license" fees to Defendant.

2.      For more than five years, Defendant repeatedly has demanded license fees and threatened litigation against Plaintiff and others who provide brief strategic family therapy or related training.  Plaintiff refuses to pay Defendant's "fees" because the intellectual property rights that Defendant claims are and have been, as a matter of law, fraudulently obtained, squarely in the public domain or invalid.

3.      Plaintiff's refusal to capitulate to Defendant has come at a devastating price, however.  For more than five years, Defendant has repeatedly intimidated and deceived Plaintiff's clients and prospective clients with misrepresentations about Plaintiff's qualifications; assertions of trademark rights Defendant obtained through fraud on the U.S. Patent and Trademark Office; and empty litigation threats.  Not wanting to be dragged into a costly dispute over family therapy services, a number of Plaintiff's clients and prospective clients have stopped using Plaintiff's services.  As a result, Defendant's actions have directly harmed the Plaintiff and the public.

4.      Plaintiff seeks a declaratory judgment establishing: (i) Defendant's trademarks, copyrights and alleged trade secrets relating to brief strategic family therapy are invalid under the Lanham Act, the Copyright Act, and Florida law; and (ii) Plaintiff has *not* infringed any valid trademark, copyright or trade secret or otherwise violated the law by providing brief strategic family therapy services. Plaintiff additionally seeks an order striking the generic terms "brief strategic family therapy" and "BSFT" from the supplemental and principal trademark registers,

2

*Family Therapy Training Institute v. University of Miami*

respectively.  Plaintiff also seeks a judgment of civil liability against Defendant for false or fraudulent registration.  Lastly, Plaintiff seeks a judgment for damages resulting from Defendant's tortious interference with advantageous business relationships.

## II.
## JURISDICTION AND VENUE

5.     This action arises under the Federal Declaratory Relief Act, 28 U.S.C. § 2201 *et seq.*, the United States Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Copyright Act 17 U.S.C. § 101 *et seq.*  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201 and 2202, as well as 15 U.S.C. § 1121.

7.     This Court may properly exercise personal jurisdiction over Defendant because it has a principal place of business in this Judicial District.

8.     Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## III.
## THE PARTIES

9.     Plaintiff, Olga E. Hervis, M.S.W., P.A., d/b/a Family Therapy Training Institute of Miami, is a Florida professional association.  Plaintiff provides training in evidence-based family therapy programs, such as brief strategic family therapy (commonly known as BSFT) and family effectiveness training (commonly known as "FET"), to social services agencies and organizations. As a result of Plaintiff's training, therapists receive the necessary certification to provide brief strategic family therapy to patients. Family Therapy Training Institute of Miami is a small, woman and minority owned business that was founded in 2004 by Olga E. Hervis, a

*Family Therapy Training Institute v. University of Miami*

recognized co-developer of BSFT, expert BSFT educator and consultant.

10.     Defendant, University of Miami, is a Florida corporation and private educational institution.  Defendant competes with Plaintiff in providing BSFT training to social service agencies.

### IV.
### GENERAL ALLEGATIONS

#### A.  DEVELOPMENT AND DISSEMINATION OF BRIEF STRATEGIC FAMILY THERAPY

11.     Brief strategic family therapy, and its acronym, BSFT, refer to and describe a specific therapy model of intervention for adolescents with problem behavior(s) and drug abuse. There is no other common name for brief strategic family therapy or BSFT in the public lexicon.

12.     Essentially, BSFT is a "family systems" therapy involving a brief intervention used to treat adolescents with drug use and other problem behaviors.   BSFT incorporates two family centered theories: *strategic family therapy* and *structural therapy*.   The term *brief* was added to the therapy "to ensure that the therapy addressed problems in the here and now, and solved      those      problems      within      a      reasonable      time      frame."      *See* http://www.allpsychologycareers.com/topics/brief-strategic-family-therapy.html.

13.     Olga E. Hervis, M.S.W., L.C.S.W., founder of Family Therapy Training Institute of Miami, is an original co-developer of brief strategic family therapy.   She, along with other researchers, clinicians and psychologists pioneered brief strategic family therapy while at the University of Miami.   After years of extensive government-funded research, BSFT was established as an empirically validated type of therapy and widely adopted throughout the United

4

*Family Therapy Training Institute v. University of Miami*

States as a form of therapy.

14.     Over the years, many different organizations have continued to advance and develop BSFT, including Plaintiff, Defendant and others.  Indeed, over more than three decades, countless public seminars, scholarly articles and journals from various educational institutions, federal and local government websites, and private websites have described, elaborated, improved and refined brief strategic family therapy.

15.     Upon information and belief, brief strategic family therapy is so widely in practice that it is even included in certain educational textbooks.

16.     Based on the efficacy and widespread dissemination of BSFT, many diverse and unrelated institutions around the world, and various social service agencies and organizations throughout the United States offer either training or actual BSFT services.

17.     For years, a number of qualified organizations and individuals, including Plaintiff, Ms. Hervis, Defendant, and others have trained and certified therapists to provide BSFT.

18.     Plaintiff is duly authorized by all necessary Florida regulatory agencies to train others in BSFT.

19.     Until the mid-2000's, neither Defendant, nor any other organization, claimed exclusive and proprietary rights to the names "brief strategic family therapy" or "BSFT."

**B.  THE PUBLIC DOMAIN BSFT MANUAL**

20.     In 2003, the National Institute on Drug Abuse ("NIDA") contracted Defendant to draft a treatment manual *Brief Strategic Family Therapy for Adolescent Drug Abuse* (the "BSFT Manual").  Ms. Hervis, an independent contractor for Defendant at the time, co-authored the

5

*Family Therapy Training Institute v. University of Miami*

BSFT Manual with two of Defendant's employees.  A true and correct copy of the BSFT Manual is provided as Exhibit 1 to this Complaint.

21.     The BSFT Manual comprehensively describes the material aspects of brief strategic family therapy.  In addition, it contains an appendix titled "Training Counselors in Brief Strategic Family Therapy."  *Id*.

22.     The BSFT Manual confirms that brief strategic family therapy is in the public lexicon and public domain.

23.     Because NIDA contracted with Defendant for the BSFT Manual, it is publicly and freely available to anyone. In particular, the BSFT Manual is freely available and accessible to the public at: http://archives.drugabuse.gov/TXManuals/BSFT/BSFTIndex.html.

24.     The first printed page of the BSFT Manual includes a section titled "PUBLIC DOMAIN NOTICE."  The public domain notice states:

> ***All material appearing in this report is in the public domain*** and may be reproduced ***without permission*** from the National Institute on Drug Abuse ***or the authors***.  Citation of the source is appreciated.

Exhibit 1. (emphasis added)

25.     Despite using the terms "brief strategic family therapy" nearly 50 times and the acronym "BSFT" nearly 250 times, the BSFT Manual does ***not*** include a single trademark claim by Defendant.  *Id.*

26.     The BSFT Manual does ***not*** include a single copyright claim by Defendant or anyone else.  *Id*.

*Family Therapy Training Institute v. University of Miami*

27.     The BSFT Manual does ***not*** include a single trade secret claim by Defendant or anyone else.  *Id.*

28.      Defendant does not and cannot control dissemination of the BSFT Manual.

29.     The BSFT Manual was created under contract with NIDA with public funds and was completely dedicated to the public domain.  Leaving no room for ambiguity, the opening page of the manual unequivocally states that ***all*** of the content in the manual "***is in the public domain***."  *Id.*

### C.  DEFENDANT'S SPECIOUS INTELLECTUAL PROPERTY PORTFOLIO

1.  **After years of failed attempts at registering its mark, Defendant turned to fraud, including making willfully false and deceptive statements, to gain registration of the mark BRIEF STRATEGIC FAMILY THERAPY on the supplemental register.**

30.     On July 8, 2006, Defendant filed United States Trademark Application No. 78/925,048 ("'048 application") for BRIEF STRATEGIC FAMILY THERAPY, which alleged an intent to use the mark in connection with "counseling, analysis, research, diagnostic and therapy services" as well as printed materials and databases concerning counseling, analysis, research, diagnosis, health and therapy."  Exhibit 2.1.

31.     The Examiner of the United States Patent & Trademark Office ("USPTO") refused registration of the BRIEF STRATEGIC FAMILY THERAPY trademark in four separate office actions between 2006-2009.[1]

---

[1] On August 8, 2006, shortly after learning that Defendant filed the '048 application, Plaintiff filed a U.S. trademark application for the terms BRIEF STRATEGIC FAMILY THERAPY (BSFT).  Not surprisingly, the USPTO deemed the terms "merely descriptive" and refused
(continued…)

*Family Therapy Training Institute v. University of Miami*

32.     On June 7, 2007, Defendant responded to an office action refusing the '048 application.  In its response, Defendant disclaimed the terms "family therapy."  Exhibit 3.5.

33.     In its June 7, 2007 response, Defendant also stated in a section titled "Significance of Mark": "BRIEF STRATEGIC appearing in the mark has *no significance in the relevant trade or industry* or as applied to the goods/services listed in the application, no geographical significance, nor any meaning in a foreign language."  Exhibit 3.6. (emphasis added)

34.     Defendant's counsel, Duane M. Byers, immediately below the flagrant misrepresentation to the USPTO, signed the response.  *Id.*

35.     The June 7, 2007 response statement that the terms "BRIEF STRATEGIC" have "no significance in the relevant trade or industry or as applied to the goods/service listed in the application" is a knowingly false and deceptive statement.   Contrary to Defendant's misrepresentation to the USPTO, the terms "brief" and "strategic" both have extremely well-known and extensively documented significance in the field of therapy when used in conjunction with one another.   Indeed, their meanings are documented *ad nauseum* in countless texts, including applications for grants submitted by Defendant.

36.     On October 29, 2007, Family Therapy Institute[2], based in El Cajon, California, filed a formal letter of protest against Defendant's '048 application ("FTI Protest"), which the

registration.  Indeed, the evidence of mere descriptiveness provided by Examiner convincingly showed that the terms were irredeemably generic.  As such, they could not be removed from the public domain.  For this reason, Plaintiff abandoned the trademark application without so much as a response to the first, non-final office action.
[2] Unrelated to Plaintiff.

8

*Family Therapy Training Institute v. University of Miami*

USPTO *granted*.  A true and correct copy of the FTI Protest is attached hereto as composite Exhibit 4.

37.     The FTI Protest included nearly 120+ pages of documentary evidence establishing the genericness of the terms "brief strategic family therapy." *Id*.

38.     In view of the evidence submitted with the FTI Protest, the Examiner refused the '048 application for being "merely descriptive."  In particular, the Examiner stated:

> The term "BRIEF" is the common descriptive term meaning short in time or concise; the term "STRATEGIC" is the common descriptive term meaning related to a planned outcome; and the terms "FAMILY THERAPY" are the common descriptive name for psychotherapy treatment for more than one member of a family. Applicant's goods and/or services relate to family therapy that is conducted in a quick and planned manner.… Therefore, the mark BRIEF STRATEGIC FAMILY THERAPY describes a characteristic, function, feature, purpose or use of applicant's goods and/or services and is accordingly refused registration on the principal register on the ground that it is merely descriptive.

Exhibit 5.3.

39.     On July 30, 2008, Defendant responded: "the Protestor's alleged evidence of usage of the trademark BRIEF STRATEGIC FAMILY THERAPY is actually applicant's usage, reference to applicant's usage, or usage by those affiliated with or sanctioned by applicant, except for perhaps a renegade user that the University will address if such usage is not sanctioned." Exhibit 6.1.

40.     In a final office action, the Examiner maintained her refusal, citing 38 different references.   Exhibit 7.1-7.11.   The Examiner offered Defendant an opportunity to submit evidence that the mark had acquired distinctiveness.  Exhibit 7.9-7.10.  However, facing a high

9

*Family Therapy Training Institute v. University of Miami*

evidentiary hurdle, Defendant declined.

41.    Defendant attempted an appeal, but after having a request for reconsideration rejected, Defendant finally was forced to settle for the supplemental register instead of risking an extremely likely loss on appeal.

42.    More than four years after the BRIEF STRATEGIC FAMILY THERAPY was placed on the supplemental register, Defendant has yet to re-attempt registration on the principal register, apparently to avoid another tortured failure before the USPTO.

**2.  USPTO Registered the term BSFT Only Because Defendant Made Numerous Willfully False and Deceptive Representations to the Examiner**

43.    On May 14, 2009, Defendant filed United States Trademark Application No. 77/737,337 (the "'337 application") for the mark BSFT in connection with an extensive list of goods and services.  Exhibit 8.1-8.8.

44.    On November 29, 2009, the USPTO *granted* a letter of protest filed by Plaintiff ("Plaintiff's Protest").  A true and accurate copy of the Plaintiff's Protest is attached as Exhibit 9 to this Complaint.

45.    Plaintiff's Protest included more than 100 pages of references to brief strategic family therapy.  *Id.*

*46.*    An office action refusal dated June 30, 2010 laid bare the generic nature of the term BSFT.  Exhibit 10.  The Examiner noted that Defendant had "already conceded that 'Brief Strategic Family Therapy' is a descriptive mark."  Exhibit 10.3.  In addition, the Examiner concluded that evidence from Plaintiff's Protest supported the notion that the acronym BSFT is readily understood by health professionals and persons knowledgeable in mental/behavioral

*Family Therapy Training Institute v. University of Miami*

health fields to stand for this specific therapy method.  *Id.*

47.     Moreover, the Examiner maintained it was apparent that "third parties are using the acronym BSFT and it is not recognized as being a source indicator for applicant's goods/services."  *Id.*

48.     In response, Defendant, as in the '048 application, made multiple willfully false and deceptive statements to the USPTO.  Exhibit 11.

49.     Defendant's statement that "there are *only two parties* that use the BSFT trademark" was willfully false and deceptive.  Exhibit 11.3.  So, too, was Defendant's statement that Ms. Hervis was the *only other party* that used the term BSFT.  *Id.*

50.     In view of Plaintiff's Protest, Defendant was irrefutably aware of *many* organizations using BSFT.   These included at a minimum: University of Colorado at Boulder (Exhibit 9.4); Arapahoe House (Exhibit 9.9); Clinic for Psychosomatic Medicine, Germany (Exhibit 9.10); Danya Institute (Exhibit 9.15); Missouri Department of Health (Exhibit 9.22); and on and on.

51.     Further, multiple users were identified in the course of prosecution of the '048 application, including in the evidence submitted with the FTI Protest. *See, e.g.*, Exhibit 4.

52.     Further still, the Examiner expressly identified numerous users—many of which were *not* "sanctioned" by Defendant.  *See, e.g.*, Office Action, Exhibit 10.4.

53.     Even further, Defendant surely knew that organizations listed as clients of Plaintiff on Plaintiff's website were using the term BSFT without permission from Defendant. Indeed, Defendant corresponded repeatedly with at least one client of Plaintiff's regarding

11

*Family Therapy Training Institute v. University of Miami*

unauthorized use of the BSFT marks.  A true and correct copy of Defendant's Letter Dated June 12, 2013 is attached as Exhibit 12 to this Complaint.

54.     Defendant misrepresented to the USPTO that it "consistently" used BSFT as a trademark, citing to its website (www.bsft.org).  In reality, Defendant was painfully aware that *for decades* it had not treated the term BSFT as a trademark, had not policed usage of it by third parties, had not utilized TM symbols, or had not otherwise treated it as a trademark.  *See* BSFT Manual, Exhibit 4 and Plaintiff's Protest, Exhibit 9.

55.     Quite the contrary, Defendant had gone so far as to *disclaim* all intellectual property rights associated with BSFT in the BSFT Manual.  Exhibit 1.1.  Defendant falsely and deceptively omitted the hundreds of non-trademark uses in the BSFT Manual and in countless publications before that. *See* Exhibit 1.

56.     These false and deceptive statements made by Defendant to the USPTO were the proximate and direct cause of the Examiner's allowance and registration of the BSFT trademark.

**3.  Works of Authorship Relating to Brief Strategic Family Therapy are in the Public Domain**

57.     The BSFT Manual, on its face, was expressly and completely dedicated to the public domain.  Indeed, the opening page of the manual unequivocally states that ***all*** of the content in the manual "***is in the public domain***."

58.     In addition, Ms. Hervis, who worked as an independent contractor for Defendant for the times pertinent to Defendant's copyright claims, is a named co-author of numerous works that the Defendant claims Plaintiff infringes.

59.     Ms. Hervis, therefore, owns the works she authored and co-authored while acting

*Family Therapy Training Institute v. University of Miami*

as an independent contractor for Defendant.

60.     Plaintiff's is authorized and licensed by Ms. Hervis to use Ms Hervis' works and derivative works thereof.

### 4.  Defendant's Bogus Trade Secrets Covering "Training Methods"

61.     Defendant's "training methods" and strategies are not secret.

62.     Defendant's "training methods" and related activities are generally known to those that take their courses.

63.     Defendant's "training methods" and related activities are readily ascertainable by persons who can obtain economic value from their disclosure, including those that take coursework or receive BSFT training from Defendant.

64.     The "training methods" and related activities have been used to train numerous therapists and agencies around the United States without confidentiality or secrecy obligations.

65.     Defendant has not required its employees, professors, clinicians or students to execute confidentiality agreements prohibiting dissemination of any business information related to its teaching methods for BSFT training.

66.     Ms. Hervis developed or co-developed the training methods and alleged "trade secrets" without any obligation of confidentiality or assignment relating to those methods.

67.     In any case, Plaintiff has not misappropriated the training methods or any other purported trade secrets from Defendant.

### D.  Defendant's Repeated Threats to Intimidate Plaintiff Into Paying "License" Fees or Stop BSFT Training

68.     In 2006, facing difficult economic times, Defendant sought new revenue streams.

13

*Family Therapy Training Institute v. University of Miami*

It concocted a licensing scheme relating to its BSFT training program.  Under its scheme, Defendant: (i) restricted small businesses competing with Defendant from providing BSFT training, or alternatively, charged them crushing up-front "license issue" fees; and (ii) demanded payments from those small businesses for each of the sites where those businesses offered BSFT training in order to ensure those sites were duly "licensed."

69.     Over a period of years, Defendant has repeatedly called, written and emailed with threats of litigation and demands that Plaintiff capitulate to Defendant demands to enter a license agreement.

### E.     Defendant Contacted Plaintiff's Clients and Prospective Clients and Made False and Deceptive Statements

70.     At the same time as Defendant was making threats and demands to Plaintiff, it was making false and deceptive statements publicly about Plaintiff to current and prospective clients of Plaintiff.  *See, e.g.,* Exhibit 12.

71.     Defendant also made derogatory, false and misleading statements about Plaintiff's employees, and Ms. Hervis, accusing her of illegal activity to her clients and prospective clients. Exhibit 12.

72.     On information and belief, employees of Defendant's Center for Family Studies repeatedly tried to and on occasions did persuade clients and prospective clients of Plaintiff that Plaintiff was engaged in illegal activity.

73.     On information and belief, employees of Defendant's Center for Family Studies repeatedly told clients and prospective clients of Plaintiff that Plaintiff was not licensed and therefore unqualified to provide BSFT training.  Likewise, those employees repeatedly told

14

*Family Therapy Training Institute v. University of Miami*

clients and prospective clients of Plaintiff that Olga Hervis was a former employee that was engaged in unlawful activities and training.

74.     Defendant's false and deceptive statements caused clients and prospective clients of Plaintiff to terminate agreements, not renew agreements, or altogether break off the business relationships with Plaintiff.

75.     Defendant has made false and deceptive statements with the sole purpose of damaging Plaintiff's excellent reputation and harming its advantageous business relations.

76.     Defendant's activities have and continue to severely damage Plaintiff.

77.     Defendant has been unjustly enriched by these activities.

## COUNTS

## COUNT I: DECLARATORY RELIEF AGAINST DEFENDANT

78.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-77 as if set forth fully herein.

79.     Because of Defendant's serial infringement accusations in repeated cease and desist letters, there is a substantial controversy between Plaintiff and Defendant, the parties have adverse interests, and that controversy is real and immediate.

80.     Plaintiff is entitled to a declaration that:

(a) Plaintiff is entitled to use the terms BRIEF STRATEGIC FAMILY THERAPY;

(b) Plaintiff is entitled to use the term BSFT as an acronym for BRIEF STRATEGIC FAMILY THERAPY;

15

*Family Therapy Training Institute v. University of Miami*

(c) Plaintiff is entitled to use the manual *Brief Strategic Family Therapy for Adolescent Drug Abuse*;

(d) Plaintiff has is entitled to use works co-authored by Olga E. Hervis as an independent contractor because Olga E. Hervis is a co-owner of such works and has granted Plaintiff a license to such works;

(e) Plaintiff's use of any works owned by Defendant constitute a fair use of copyrights relating to brief strategic family therapy.

(f) Defendant does not have any cognizable trade secrets in any teaching or training methods or other activities related to training in brief strategic family therapy;

(g) Plaintiff has not misappropriated any trade secret rights, if any, that Defendant may have in any teaching or training methods related to brief strategic family therapy; and

(h) Plaintiff has not used any intellectual property right of Defendant in an unlawful manner.

## <u>COUNT II: CANCELLATION OF TRADEMARKS</u>

81.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1 – 77 as if set forth fully herein.

82.    Defendant's trademark registration for BRIEF STRATEGIC FAMILY THERAPY was fraudulently procured.

83.    Defendant's trademark registration for BSFT was fraudulently procured.

16

*Family Therapy Training Institute v. University of Miami*

84.     Defendant has failed to police or otherwise control usage of the trademarks for BRIEF STRATEGIC FAMILY THERAPY and BSFT.

85.     The trademark BRIEF STRATEGIC FAMILY THERAPY is generic.

86.     The trademark BSFT is generic.

87.     Plaintiff is entitled to an Order cancelling United States Registration No. 4,115,301 for the mark BSFT.

88.     Plaintiff is entitled to an Order cancelling United States Supplemental Registration No. 3,637,162 for the mark BRIEF STRATEGIC FAMILY THERAPY.

## COUNT III: FALSE OR FRAUDULENT REGISTRATION

89.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1 – 77 as if set forth fully herein.

90.     Defendant procured a federal registration for BRIEF STRATEGIC FAMILY THERAPY on the United States supplemental register.

91.     In the course of procuring the BRIEF STRATEGIC FAMILY THERAPY registration on the United States supplemental register, Defendant knowingly and willfully made false, deceptive and fraudulent representations orally or in writing to the USPTO, and Plaintiff was and continues to be injured thereby.

92.     Defendant procured a federal registration for BSFT on the United States principal register.

93.     In the course of procuring the BSFT registration on the United States principal register, Defendant knowingly and willfully made false, deceptive and fraudulent representations

*Family Therapy Training Institute v. University of Miami*

orally or in writing to the USPTO, and Plaintiff was, and continues to be injured by thereby.

94.     Defendant has used the fraudulently and deceptively procured trademarks to harm Plaintiff in the marketplace.

95.     As a result of the injuries to Plaintiff by the falsely and fraudulent procurement of the foregoing trademark registrations, Defendant is liable to Plaintiff for the damages sustained by Plaintiff as a consequence thereof pursuant to 15 U.S.C. § 1120.

## COUNT IV: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

96.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1 – 77 as if set forth fully herein.

97.      Plaintiff has advantageous business relationships at least with clients that Plaintiff trains, educates and consults with in brief strategic family therapy related matters.

98.     Plaintiff has legal rights relative to its clients that trains, educates or consults with in brief strategic family therapy related matters.

99.     Defendant knows of the relationships Plaintiff has with its clients and prospective clients.

100.    Defendant has intentionally and unjustifiably interfered with Plaintiff's business relationships with Plaintiff's clients at least through Defendant's false and deceptive statements to Plaintiff's clients, and by trademark misuse.

101.    Defendants have damaged Plaintiff as a result of Defendant's intentional and unjustifiable interference.

18

*Family Therapy Training Institute v. University of Miami*

102.    Defendant is liable to Plaintiff for the damages sustained by Plaintiff as a consequence of Defendant's unjustified interference.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all such issues as allowed.

WHEREFORE, PLAINTIFF prays for judgment against the Defendant as follows:

(1)    Entry of a declaratory judgment making the following determinations:

(a)    that the marks BRIEF STRATEGIC FAMILY THERAPY and BSFT are invalid;

(c)    that Plaintiff has not infringed any valid trademark of Defendant, including the marks BRIEF STRATEGIC FAMILY THERAPY and BSFT;

(d)    that Defendant's BSFT-related copyright claims are invalid;

(e)    that Olga E. Hervis is a co-author and co-owner of BSFT-related works that name her as an author;

(f)    that Plaintiff has not infringed any valid copyright to any work on which Olga E. Hervis is a co-author;

(g)    that Defendant's trade secrets are invalid;

(h)    that Plaintiff has not misappropriated any valid trade secret of Defendant; and

(i)    that Plaintiff has not violated any of Defendant's rights in any intellectual property related to BSFT.

(2)    Entry of an Order:

(a)    that United States Supplemental Registration No. 3,637,162 for the terms   BRIEF STRATEGIC FAMILY THERAPY be stricken from the supplemental register;

*Family Therapy Training Institute v. University of Miami*

(b)    that United States Trademark Registration No. 4,115,301 for BSFT be stricken from the principal register;

(c)    that Plaintiff recover its actual damages sustained as a result of Defendant's wrongful actions;

(d) that Plaintiff recover Defendants' profits made as a result of Defendants' wrongful actions, as set forth herein;

(e) that Plaintiff recover three (3) times Plaintiff's damages;

(f)  that Plaintiff be awarded exemplary damages for Defendants' willful and intentional acts;

(g) that Plaintiff recover its costs of court;

(h) that Plaintiff be awarded its attorneys' fees based upon Defendant's improper actions; and

(i)  that Plaintiff recover such further relief to which it may be entitled and that this Court may deem just and proper.

Respectfully submitted,

Dated:  July 23, 2013                        **FELDMAN GALE, P.A.**

By:    */s/Alejandro J. Fernandez*

Alejandro J. Fernandez, Esq.
Fla. Bar No. 032221
Email:  AFernandez@FeldmanGale.com
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-358-5001
Facsimile:  305-358-3309

*Counsel for Plaintiff*

20